IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:20-cv-1071

**YOLANDA M. BRIGGS,**

    Plaintiff,

vs.

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON F/K/A LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,**

    Defendant.

## COMPLAINT

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA"), to recover benefits due under an employee welfare benefit plan and to recover costs, attorneys' fees, and interest, as provided by ERISA.

## PARTIES

2. Plaintiff, Yolanda M. Briggs, is a citizen and resident of Greensboro, Guilford County, North Carolina.

3. Defendant, Lincoln Life Assurance Company of Boston formerly known as Liberty Life Assurance Company of Boston (hereinafter "Lincoln"), is a New Hampshire corporation with a principal office in Boston, Massachusetts. Lincoln operates under the name "Lincoln Financial Group" (hereinafter, collectively referred to as "Lincoln").

4. At all times relevant to this action, Liberty Life Assurance Company of Boston ("Liberty") provided insured long-term disability ("LTD") benefits pursuant to the Apple Inc. Health and Welfare Benefit Plan ("the Plan").

5. Upon information and belief, effective in 2018, Liberty was acquired by Lincoln under the terms of a master transaction agreement and, effective September 1, 2019, Liberty changed its name to Lincoln Life Assurance Company of Boston.

6. Lincoln Life Assurance Company of Boston is the successor in interest to Liberty Life Assurance Company of Boston for all matters at issue in this litigation.

7. Any of the acts or omissions described herein that were by Liberty are now properly ascribed to and/or assumed by Lincoln (Liberty and Lincoln hereinafter collectively referred to as "Defendant").

8. Defendant serves as the claims administrator and fiduciary in handling all aspects of disability benefit claims made by insured beneficiaries under the Plan, including the Plaintiff in this action.

9. Defendant has a fiduciary obligation to Plaintiff to administer the Plan fairly and impartially, for the exclusive benefit of beneficiaries such as Plaintiff.

## JURISDICTION AND VENUE

10. This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ERISA, as allowed by 29 U.S.C. § 1132.

11. Venue in the Middle District of North Carolina is appropriate by virtue of

Plaintiff's residence in this district and Defendant's doing business in this district.

FACTUAL ALLEGATIONS

12. At all times relevant to this action, Plaintiff was a covered beneficiary under the group policy (Policy No. GD3-810-B72V5F-01) issued by Liberty to Apple Inc. (the "Policy").

13. Plaintiff worked as a Technical Customer Service Support Representative (Tier II) for Apple Inc. ("Apple") prior to her disability onset.

14. The Plan provides LTD benefits to beneficiaries who meet the Policy definition of "disability" or "disabled," as follows:

> *i. that during the Elimination Period and the next 12 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue [her] Own Occupation in the usual and customary way; and*
>
> *ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Substantial and Material Acts of any occupation, meaning that as a result of sickness or injury the Covered Person is not able to engage with reasonable continuity in any occupation in which [she] could reasonably be expected to perform satisfactorily in light of [her] age, education, training, experience, station in life, and physical and mental capacity.*

15. The Policy defines "Substantial and Material Acts" as follows:

*"Substantial and Material Acts" means acts that are normally required for the performance of the Covered Person's Own Occupation and cannot be reasonably omitted or modified.*

16. The Policy defines "Own Occupation" as follows:

*"Own Occupation" means the Covered Person's occupation that [she] was performing when [her] Disability or Partial Disability began.*

3

17. On or about October 2, 2019, Plaintiff was forced to stop working and leave employment with Apple due to low back pain following her history of extensive surgery in the lumbar region, as well as pregnancy complications.

18. Plaintiff suffers from numerous conditions, including, but not limited to:

   a. Post-traumatic stress disorder ("PTSD");

   b. Postpartum mood disturbance;

   c. Major depressive disorder; and

   d. Chronic back pain, status post 3 back surgeries.

19. As a result of these conditions, Plaintiff continues to experience numerous debilitating symptoms, including, but not limited to: back pain, emotional distress and physical reactions to the traumatic event, mood lability, hopelessness, feelings of detachment and loneliness, trouble sleeping and concentrating, irritability, nightmares, being on guard and anxious, crying often and fears related to the safety of her child.

20. As a result of her numerous and severely disabling conditions, Plaintiff is unable to perform the Substantial and Material Acts of her Own Occupation as a Technical Customer Service Support Representative (Tier II), which included, but were not limited to, providing customer support for software, hardware, and billing issues via "Chat" feature, which is a real time, interactive typed form of communication. This required that Plaintiff be capable of reading and interpreting customer and Tier I Advisor questions and issues, conducting on-line research, as well as analyzing and diagnosing issues.

21. Plaintiff's job necessitated that Plaintiff have the ability to multitask (often conducting 3 online chats simultaneously), manage and resolve escalated issues, write clearly, concisely, and professionally, work in a fast paced setting to provide immediate responses to Tier I Advisors, maintain reliable and consistent attendance, effectively communicate and interact with management and team members, and meet specific time standards, in order to perform the Substantial and Material Acts of her Own Occupation.

22. As a result of her numerous and severely disabling conditions, Plaintiff is unable to perform the Substantial and Material Acts of any occupation.

23. After being forced to leave work on or about October 2, 2019, Plaintiff applied for LTD benefits under the Plan.

24. By letter dated May 14, 2020, Lincoln denied Plaintiff's LTD benefit claim.

25. Plaintiff timely appealed the denial of her LTD benefit claim by letter dated June 29, 2020.

26. By letter dated July 28, 2020, Lincoln upheld its decision to deny Plaintiff's LTD benefit claim.

27. Plaintiff now has exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

### FIRST CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

28. Defendant has wrongfully denied LTD benefits to Plaintiff in violation of the Policy, Plan, and ERISA for the following reasons:

a. Plaintiff is disabled, as defined by the LTD benefits Policy and Plan, in that as a result of her disability, she is unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue her Own Occupation in the usual and customary way, and is unable to perform the Substantial and Material Acts of any occupation;

b. Defendant failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is disabled, by ignoring credible evidence that Plaintiff is unable to perform the Substantial and Material Acts necessary to pursue her Own Occupation in the usual and customary way, and by ignoring credible evidence that Plaintiff is unable to perform the Substantial and Material Acts of any occupation;

c. Defendant's interpretation of the definition of "Disability" or "Disabled" contained in the Policy is contrary to the plain language of the Policy and unreasonable;

d. Defendant has attempted to evade the impact of Plaintiff's numerous conditions and the severe functional limitations on her ability to perform the Substantial and Material Acts necessary to pursue her Own Occupation in the usual and customary way, and on her ability to perform the Substantial and Material Acts of any occupation;

e. Defendant has wrongfully denied Plaintiff a full, fair, and impartial review of her benefits by ignoring the weight and credibility of evidence

submitted, looking for less credible evidence of marginal significance to support its goal of denying her benefits claim; and

  f.  Defendant has violated its contractual obligation to furnish LTD benefits to Plaintiff.

**WHEREFORE**, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that she is entitled to LTD benefits under the terms of the Plan and Policy, and that Defendant be ordered to pay LTD benefits, and all other related and incidental benefits, until such time as Plaintiff reaches age 65 or is no longer disabled;

2. Award pre-judgment interest at a rate of at least 8%;

3. Enter an Order awarding Plaintiff all reasonable attorney fees and expenses incurred as a result of Defendant's wrongful denial of benefits; and

4. Enter an award for such other relief as may be just and appropriate.

This the 1st day of December, 2020.

            /s/Caitlin H. Walton
            **CAITLIN H. WALTON**
            N.C. Bar No. 49246
            cwalton@essexrichards.com
            **ESSEX RICHARDS, P.A.**
            1701 South Boulevard
            Charlotte, NC 28203-4727
            Ph (704) 377-4300
            Fax (704) 372-1357

            *Attorney for Plaintiff*